32191/15319/DVD/MWM

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| TELLABS OPERATIONS, INC., | Civil Action No.  08 CV 3379 |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | Filed: June 11, 2008 |
| FUJITSU LIMITED, and FUJITSU NETWORK COMMUNICATIONS, INC., | Judge James F. Holderman |
| Defendants. | Magistrate Judge Jeffrey Cole |

**<u>FUJITSU NETWORK COMMUNICATIONS, INC.'S OPENING MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR A MORE DEFINITE STATEMENT; OR, IN THE ALTERNATIVE, MOTION TO DISMISS; OR, MOTION TO STRIKE INFRINGEMENT ALLEGATIONS</u>**

## I.    **INTRODUCTION**

Plaintiff Tellabs Operations, Inc. ("Tellabs") complaint fails to properly identify any accused products or any allegedly infringing acts. *See* D.I 1, Compl. ¶¶ 6, 9 and 10. Because Tellabs has failed to provide this information, defendant Fujitsu Network Communications, Inc. ("FNC") must seek the assistance of the Court. Pursuant to Federal Rule of Civil Procedure, Rule 12(e), Tellabs should be compelled to provide a more definite statement about its infringement allegations. If Tellabs is unwilling or unable to do so, the complaint should be dismissed.

In its complaint, Tellabs accuses defendants FNC and Fujitsu Limited of infringing U.S. Patent No. 7,369,772 ("'772 patent"), and very broadly states that defendants infringe by making, using, selling, offering to sell, and/or importing "products including, but not limited to, systems, devices, or components thereof for optical add/drop multiplexing that infringe the '772 patent or whose use infringes the '772 patent." Compl. ¶ 6.[1] This overly broad, blanket description "optical add/drop multiplexing" does no more than describe a very broad field of art in which the '772 patent resides, and thus, it is conceivable that the broad description purports to apply to every single one of FNC's more than fifty products, and all of the myriad components for each of those products (and apparently other products and components as well, as Tellabs' allegation is "not limited to" these items). Thus, to respond to the complaint, FNC would be required to apply the claims of the '772 patent to all of FNC's products and each product's individual components. Tellabs almost certainly has no basis or intention of accusing all of FNC's products and components of infringement, or contending that the '772 patent is so broad as to cover every single product, system or device, and every single component thereof, that falls within the field of "optical add/drop multiplexing." Thus, it unreasonable to force FNC to go through such an analysis to respond to Tellabs' overly broad complaint. On the other hand, if Tellabs does intend and has a good faith basis to assert that every single one of FNC's products

---

[1] Although this motion if filed by FNC alone at this time as it has not yet been determined whether Tellabs has properly effected service on Fujitsu Limited, it is noted in passing that the allegations are equally unavailing as to Fujitsu Limited.

(and each component thereof) individually infringes the '772 patent, and that the '772 patent is so broad as inherently alleged, then Tellabs should so state, confirming its belief in the scope of the patent and identifying each such infringing product and component by name.    It is inappropriate for Tellabs to try to foist onto FNC the burden of trying to identify which of its products and components are actually accused of infringing the claims of the patent.

To have satisfied its Rule 11 burden, Tellabs must, as of the filing of its complaint, have had a good faith basis to believe that certain specific FNC products infringe at least one of the claims of the '772 patent.    The complaint does not contain sufficient, specific information to show that Tellabs had such a good faith belief then, and is too vague and broad to be reasonably responded to by FNC now.    The Court should order Tellabs to amend its complaint and provide this specific information    to show that it did meet its Rule 11 obligations before filing the complaint, and so that FNC can reasonably prepare a response. "Assuming plaintiff has properly investigated his claim before filing suit, there is no reason not to inform the defendant precisely which products are at issue." *Bay Indus., Inc. v. Tru-Arx Mfg., LLC*, 2006 WL 3469599 at *2 (E.D. Wis. Nov. 29, 2006).

## II.    **LEGAL STANDARDS**

The Supreme Court recently held that a complaint must include factual allegations – not just a "blanket assertion" or unsupported allegation:

> Rule 8(a)(2)… requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests…. Rule 8(a) 'contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it'.

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965-66 (2007).  To meet this standard, Tellabs must amend its complaint and identify (i) the specific accused products and components and (ii) the allegedly infringing activities.

Under Rule 12(e) of the Federal Rules of Civil Procedure, the Court has broad discretion to order plaintiff to provide a more definite statement where the complaint is "so vague or

ambiguous" that a defendant "cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e); *see also Warth v. Seldin*, 422 U.S. 490, 501-502 (1975) (courts can require amendment of the complaint to provide additional detail). An order for a more definite statement serves the Court's and the parties' interests because, "[u]nless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996); *see also Thomas v. Independence Township*, 463 F.3d 285, 301 (3d Cir. 2006).

Rule 12(e) complements Rule 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Together, these rules permit the Court and the litigants to know, at the pleading stage, who is being sued and the basis for the allegations. This facilitates the just, speedy, and inexpensive determination of the action. *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996); Fed. R. Civ. P. 1. Courts have properly held plaintiffs to their burden of providing a clear and accurate complaint and have required amendment when, as here, the complaint fails to provide necessary information such as an identification of the accused products:

> Defendant cannot realistically be expected to frame a responsive pleading without risk of prejudice in the absence of any indication as to which of its products are accused. Plaintiff cannot foist the burden of discerning what products it believes infringe the patent onto defense counsel regardless of their skill and expertise.

*eSoft, Inc. v. Astaro Corp.*, 2006 WL 2164454 at *2 (D. Colo. July 31, 2006).

Tellabs cannot meet its burden through allegations of infringement by unidentified products and components "for optical add/drop multiplexing." As the Supreme Court held, "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1965. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65.

## III.   **ARGUMENT**

In its complaint, Tellabs alleges infringement of the '772 patent. Tellabs' complaint, however, is devoid of key information about its allegations. Specifically, Tellabs fails to identify the specific accused products it accuses of infringement. Instead, Tellabs simply repeats the legal definition of infringement:

> FNC, and on information and belief, Fujitsu, have been and are now infringing, actively inducing infringement of, and/or contributorily infringing the '772 patent, pursuant to 35 U.S.C. § 271. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of systems, devices, or components thereof, for optical add/drop multiplexing.

D.I. 1 (Complaint) at 3, ¶9.

The Supreme Court has rejected Tellabs' approach to pleading and held that "factual allegations must be enough to raise a right to relief above the speculative level". *Bell Atlantic*, 127 S.Ct. at 1965. Specifically, the Supreme Court concluded that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action will not do". *Id.*, at 1964-1965. Thus, merely pleading the elements of the patent infringement statute, as Tellabs has done, is insufficient. *See Agilent Techs., Inc. v. Micromuse, Inc.*, 2004 WL 2346152 at *5-6 (S.D.N.Y. Oct. 19, 2004) (granting motion for more definite statement where complaint merely stated that defendant "makes, sells, or offers products for sale... that infringe Agilent's patents").

Since, without an identification of the accused products and allegedly infringing acts, FNC "cannot reasonably prepare a response." FNC is entitled to a more definite statement. Fed. R. Civ. Proc., Rule 12(e).

### A.   **Tellabs' Complaint Does Not Identify The Accused Products.**

Tellabs' complaint fails to identify a single specific FNC (or Fujitsu) product that it accuses of infringement. *See* D.I. 1 (Complaint). Instead, Tellabs broadly claims that FNC's (and Fujitsu's) "products" infringe the '772 patent. *Id.* at ¶¶ 6 and 10. Tellabs alleges generally that FNC's (and Fujitsu's) "products including, but not limited to, systems, devices or components thereof for optical add/drop multiplexing" infringe the '772 patent. The phrase

"optical add/drop multiplexing" merely describes the general technological area in which the '772 patent resides (see, e.g., the "Background of the Invention" section of the '772 patent), but this phrase does not sufficiently describe the alleged scope of the patent or distinguish between FNC's many products and components. This open-ended, unlimited allegation purports to cover every single product that FNC sells, and components of each of those products. Thus, Tellabs would have FNC re-do all of the work that Tellabs has supposedly already done (assuming it complied with Rule 11). Either Tellabs did not have a good faith basis for filing suit, or it is simply trying to be vague and thus impose undue burden on FNC to formulate a response. Neither is appropriate:

> [B]y failing to identify any allegedly infringing product or to set forth a limiting parameter, plaintiff in effect is requiring defendant to compare its approximately 40 products to at least 20 claims of the '433 patent in order to formulate a response.... Defendant should not have to guess which of its products infringe nor guess how its products might fall within plaintiff's interpretation of the claims of the patent.

*Bay Indus*, 2006 WL 3469599 at *2. Since FNC "cannot reasonably prepare a response," the Court should order Tellabs to provide a more definite statement and identify the accused products. Fed. R. Civ. P. 12(e).

When, as here, a "complaint fails to identify any particular product or service that allegedly infringes the patent-in-suit", it is appropriate to order a more definite statement. *See eSoft, Inc. v. Astaro Corp.*, 2006 WL 2164454 at *2 (D. Colo. July 31, 2006); *Pharmaceutical Solutions, Inc. v. Vitamax RX*, 2006 WL 14559 at *3 (D. Minn. Jan. 3, 2006) (granting motion for more definite statement where complaint failed to "identify which product or products allegedly manufactured or sold... is alleged to infringe PSI's patents").

**B.    There Is No Burden Or Prejudice For Tellabs To Provide Information That Should Already Be In Its Possession.**

Under Rule 11, Tellabs was obligated "[b]efore filing [ ] claims of patent infringement... to, at a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis of a finding of infringement of at least one claim of each patent so asserted." *View Engineering Inc. v. Robotics*

*Visions Systems, Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000). "In bringing a claim of infringement, the patent holder, if challenged, must be prepared to demonstrate to both the court and the alleged infringer exactly why it believed before filing a claim that it had a reasonable chance of proving infringement." *Id.* Assuming that Tellabs actually did perform its required Rule 11 pre-filing investigation, Tellabs knows what specific products and components it is accusing of infringement. Tellabs simply chose not to provide it. Tellabs must know which of FNC's more than 50 products it believes infringe the '772 patent. Given the ease with which Tellabs could provide this information it must already have, it is not reasonable to require FNC to respond to the complaint without it. "Assuming plaintiff has properly investigated his claim before filing suit, there is no reason not to inform the defendant precisely which products are at issue." *Bay Indus.* , 2006 WL 3469599 at *2.

## IV.    CONCLUSION

For the reasons set forth above, FNC respectfully requests the Court to grant this motion and order plaintiff Tellabs to amend its Complaint to make a more definite statement, including a specific identification of each accused product and allegedly infringing acts. If Tellabs is unable or unwilling to do so, in the alternative, FNC moves to dismiss or strike the bare infringement allegations in the complaint.

Dated: August 11, 2008               Respectfully submitted,

                                     By:   /s David C. Van Dyke
                                             David C. Van Dyke  (#6204705)
                                             Attorneys for Defendants,
                                             FUJITSU NETWORK COMMUNICATIONS,
                                             INC.

David C. Van Dyke  (#6204705)
Matthew W. Miller (#6280632)
Cassiday Schade LLP
20 North Wacker Drive, Suite 1040
Chicago, IL  60606-2903
Telephone: (312) 641-3100
Facsimile: (312) 444-1669
Email:  dvandyke@cassiday.com
Email:  mwm@cassiday.com

Robert W. Dickerson
David E. Wang
Jae Kim
Mark Stirrat
Orrick, Herrington & Sutcliffe, LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614
Telephone: (949) 567-6700
Facsimile: (949) 567-6710
Email:  dwang@orrick.com
Email:  mstirrat@orrick.com
Email:  jhkim@orrick.com

Jeffrey A. Miller
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401
Email:  jmiller@orrick.com