IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TELLABS OPERATIONS, INC.,<br><br>               Plaintiff,<br><br>v.<br><br>FUJITSU LIMITED, and FUJITSU NETWORK COMMUNICATIONS, INC.,<br><br>               Defendants. | Civil Action No.  08CV3379<br><br>**JURY TRIAL DEMANDED**<br><br>Filed: June 11, 2008<br><br>Judge James F. Holderman<br><br>Magistrate Jeffery Cole |

**DEFENDANT FUJITSU NETWORK COMMUNICATIONS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT
and
DEFENDANT FUJITSU NETWORK COMMUNICATIONS, INC.'S
COUNTERCLAIMS AGAINST PLAINTIFF
and
DEMAND FOR JURY TRIAL**

**NOW COMES** Defendant, Fujitsu Network Communications, Inc. ("FNC"), and for itself only, responds to the Complaint filed by plaintiff Tellabs Operations, Inc. ("Tellabs Operations" or "Plaintiff").  Each paragraph of the Complaint is set forth below followed by FNC's answer thereto, and FNC's affirmative defenses and counterclaims are separately stated.

Complaint Paragraph 1.     Tellabs Operations, Inc. is a Delaware corporation with its principal place of business at One Tellabs Center, 1415 West Diehl Road, Naperville, Illinois 60563. Tellabs Operations, Inc. is the owner of all rights in the Tellabs patent asserted herein.

**Answer by FNC:**     On information and belief, FNC admits that Tellabs Operations, Inc. is a Delaware corporation with its principal place of business at One Tellabs Center, 1415 West Diehl Road, Naperville, Illinois 60563.  FNC lacks  knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 1 of the Complaint.

Complaint Paragraph 2.    Tellabs is the assignee and owner of all rights, title, and interest in U.S. Patent No. 7,369,772 ("the '772 patent"), entitled "Optical Line Terminal Arrangement, Apparatus and Methods." The '772 patent was duly and legally issued on May 6, 2008 by the United States Patent and Trademark Office. A true and correct copy of the '772 patent is attached hereto as Exhibit A.

**Answer by FNC:**    FNC admits that what appears to be a true and correct copy of the '772 patent is attached to the Complaint as Exhibit A.  On information and belief, FNC denies that the '772 patent was duly and legally issued by the United States Patent and Trademark Office on May 6, 2008.  FNC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 2 of the Complaint.

Complaint Paragraph 3.    On information and belief, Fujitsu is a corporation organized and existing under the laws of Japan and having a principal place of business at 11 Kamikodanaka 4-chome, Nakahara-ku, Kawasaki-shi, Kanagawa-ken, 211-8588 Japan and is doing business in the Northern District of Illinois and elsewhere in the State of Illinois.

**Answer by FNC:**    FNC admits that Fujitsu is a corporation organized and existing under the laws of Japan and having a principal place of business at 11 Kamikodanaka 4-chome, Nakahara-ku, Kawasaki-shi, Kanagawa-ken, 211-8588 Japan.  FNC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 3 of the Complaint.

Complaint Paragraph 4.    On information and belief, FNC is a corporation organized and existing under the laws of California and having offices at 540 W. Madison St., Chicago, Illinois 60661 and 500 Park Blvd., Itasca, Illinois 60143 and is doing business in the Northern

District of Illinois and elsewhere in the State of Illinois. FNC has a designated agent for service of process at 208 S. LaSalle St., Suite 814, Chicago, Illinois 60604.

**Answer by FNC:** FNC admits that it is a corporation organized under the laws of California. FNC admits that it has offices at 500 Park Blvd., Itasca, Illinois 60143; that it is doing business in the Northern District of Illinois and elsewhere in the state of Illinois; and that it has a designated agent for service of process at 208 S. LaSalle St., Suite 814, Chicago, Illinois 60604. FNC denies any and all remaining factual allegations.

Complaint Paragraph 5. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over the matters complained of under 28 U.S.C. §§ 1331 and 1338.

**Answer by FNC:** The allegations are legal conclusions that do not require a response. To the extent any factual allegations are inherently asserted, they are denied.

Complaint Paragraph 6. Defendants make, import, use, offer to sell, and/or sell within the United States, including the State of Illinois and this judicial district, products including, but not limited to, systems, devices, or components thereof for optical add/drop multiplexing that infringe the '772 patent or whose use infringes the '772 patent. On information and belief, these products have been sold directly, or through other companies for resale, to customers for use in the United States and in this judicial district. Defendants reasonably expect, and have expected, that these products would be sold and operated in this judicial district.

**Answer by FNC:** Because the Complaint does not identify any specific products that are alleged to infringe, the allegations of the Complaint in general and the allegations of Paragraph 6 of the Complaint in specific are vague and ambiguous and thus cannot be either admitted or denied. FNC avers that it is informed and believes that it has not engaged in any

3

conduct with respect to any "products" that would constitute an infringement of the '772 patent, including but not limited to the Flashwave 7500, which counsel for Tellabs Operations identified as the accused product in a letter dated August 18, 2008, and that it has not otherwise infringed and is not now infringing the '772 patent.  FNC lacks knowledge or information sufficient to form a belief about the truth of any other allegations of Paragraph 6 of the Complaint.

Complaint Paragraph 7.     Defendants are subject to personal jurisdiction in this judicial district because they have established minimum contacts with the forum such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice and have committed acts of infringement in this judicial district.

**Answer by FNC:**     FNC admits that the court has personal jurisdiction as to it, but denies the remaining allegations of Paragraph 7 of the Complaint.

Complaint Paragraph 8.     Venue is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**Answer by FNC:**     FNC admits the allegations of this Paragraph as to itself only. FNC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 8 of the Complaint.

Complaint Paragraph 9.     FNC, and on information and belief, Fujitsu, have been and are now infringing, actively inducing infringement of, and/or contributorily infringing the '772 patent, pursuant to 35 U.S.C. § 271. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of systems, devices, or components thereof, for optical add/drop multiplexing.

**Answer by FNC:**     Because the Complaint does not identify any specific products that are alleged to infringe, and because Paragraph 9 of the Complaint does not identify any other

4

entity who is allegedly infringing and whose alleged infringement is being contributed to and/or induced by FNC, the allegations of the Complaint in general and the allegations of Paragraph 9 of the Complaint in specific are vague and ambiguous and thus cannot be either admitted or denied.  FNC avers that it is informed and believes that it has not engaged in any conduct with respect to any "products" that would constitute an infringement of the '772 patent, including but not limited to the Flashwave 7500, which counsel for Tellabs Operations identified as the accused product in a letter dated August 18, 2008, that it has not otherwise infringed and is not now infringing the '772 patent, and that it has not contributed to or induced the infringement of the '772 patent by any other party.  FNC lacks knowledge or information sufficient to form a belief about the truth of any other allegations of Paragraph 9 of the Complaint.

  Complaint Paragraph 10. On information and belief, accused products, including, but not limited to, systems, devices, or components thereof for optical add/drop multiplexing which are used to practice the claims of the '772 patent, are known by Defendants to be especially made or adapted for use in an infringement of the '772 patent and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

  **Answer by FNC:** Because the Complaint does not identify any specific products that are alleged to infringe, the allegations of the Complaint in general and the allegations of Paragraph 10 of the Complaint in specific are vague and ambiguous and thus cannot be either admitted or denied.  FNC avers that it is informed and believes that it has not engaged in any conduct with respect to any "products" that would constitute an infringement of the '772 patent, including but not limited to the Flashwave 7500, which counsel for Tellabs Operations identified as the accused product in a letter dated August 18, 2008, that it has not otherwise infringed and is

not now infringing the '772 patent. FNC lacks knowledge or information sufficient to form a belief about the truth of any other allegations of Paragraph 10 of the Complaint.

Complaint Paragraph 11.   Defendants' past and continued acts of infringement of the '772 patent have injured Tellabs and thus Tellabs is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

**Answer by FNC:**   Denied.

Complaint Paragraph 12.   Defendants' infringement of Tellabs' exclusive rights under the '772 patent will continue to damage Tellabs' business, causing irreparable injury to Tellabs, for which there is no adequate remedy at law, unless Defendants are enjoined by this Court from further infringement.

**Answer by FNC:**   Denied.

Complaint Paragraph 13.   On information and belief, Defendants' acts of infringement, if not ceased immediately, will be committed with full knowledge of Tellabs' rights under the '772 patent, and in willful and wanton disregard thereof, rendering this an exceptional case under 35 U.S.C. §§ 284 and 285.

**Answer by FNC:**   Denied.

## PRAYER FOR RELIEF

FNC denies that Plaintiff is entitled to any relief and denies all of the allegations contained in paragraphs A-I of Plaintiff's Prayer For Relief.

## AFFIRMATIVE DEFENSES

FNC incorporates herein by reference its responses to the specific paragraphs of the Complaint, further asserts the following affirmative and other defenses and reserves the right to amend its Answer and Affirmative Defenses as additional information becomes available.

**FIRST AFFIRMATIVE DEFENSE**

For the reasons stated above, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

On information and belief, FNC has not and is not infringing the '772 patent, and has not contributed to or induced the infringement of the '772 patent by anyone else.

**THIRD AFFIRMATIVE DEFENSE**

On information and belief, the '772 patent is invalid for failing to comply with one or more requirements of the patent laws of the United States, including, but not limited to, the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and 112.

**FOURTH AFFIRMATIVE DEFENSE**

On information and belief, Plaintiff is estopped by representations or actions taken during the prosecution of the '772 patent under the doctrine of prosecution history estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

On information and belief, Plaintiff's claims under the '772 patent are barred by laches.

**SIXTH AFFIRMATIVE DEFENSE**

On information and belief, Plaintiff's claim for damages, if any, is limited by 35 U.S.C. § 287.

**COUNTERCLAIMS**

**Parties**

1. Counterclaimant FNC is a corporation organized and existing under the laws of California and having a principal place of business at 2801 Telecom Parkway, Richardson, Texas 75082.

2.      On information and belief, Counterclaim Defendant Tellabs Operations, Inc. ("Tellabs Operations") is a Delaware corporation and having its principal place of business at One Tellabs Center, 1415 West Diehl Road, Naperville, Illinois 60563.  Tellabs Operations alleges that it is the owner of all rights in the '772 patent asserted by Tellabs Operations in this action.

## Jurisdiction and Venue

3.      This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

4.      Venue is proper in this judicial district for these Counterclaims pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

5.      By its Complaint, Plaintiff Tellabs Operations has alleged that it is the owner of U.S. Patent No. 7,369,772 ("the '772 patent"), that the '772 patent is valid and enforceable, and that FNC has infringed the '772 patent by making, offering for sale, selling, and using certain "products," which products Plaintiff has not identified in any pleading.  On information and belief, FNC denies that any of its products infringes or has infringed any claim of the '772 patent directly or indirectly, or that it has contributed to or induced the infringement of the '772 patent by another, and contends that the '772 patent is invalid for failure to comply with the patent laws of the United States, including, without limitation, the provisions of 35 U.S.C. §§ 101, 102, 103 and 112.  A justiciable controversy therefore exists between Tellabs Operations and FNC.

## FIRST COUNTERCLAIM FOR RELIEF
(Non-Infringement of '772 Patent)

6.      FNC incorporates by reference the allegations of paragraphs 1-5 as though fully set forth herein.

7.      On information and belief, FNC has not infringed and is not infringing any valid

and enforceable claim of the '772 patent.

8. A judicial declaration is necessary and appropriate at this time so that FNC may ascertain its rights and duties with respect to the manufacture and sale of "products" that Tellabs Operations alleges infringe the '772 patent.

## SECOND COUNTERCLAIM FOR RELIEF
### (Invalidity of '772 Patent)

9. FNC incorporates by reference the allegations of paragraphs 1-8 as though fully set forth herein.

10. On information and belief, the claims of the '772 patent are invalid for failing to comply with one or more requirements of the patent laws of the United States, including, but not limited to, the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and 112.

11. A judicial declaration is necessary and appropriate at this time so that FNC may ascertain its rights and duties with respect to the manufacture and sale of its "products" that Tellabs Operations alleges infringe the '772 patent.

## EXCEPTIONAL CASE

12. On information and belief, this is an exceptional case entitling FNC to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285.

WHEREFORE, FNC prays for judgment as set forth hereinafter.

## PRAYER FOR RELIEF

WHEREFORE, FNC prays for judgment that:

A. awards Tellabs Operations nothing from its complaint;

B. dismisses Tellabs Operations' Complaint with prejudice;

C. declares that FNC has not infringed and does not infringe, directly or indirectly,

any claim of the '772 patent, either literally or under the doctrine of equivalents, willfully or otherwise;

      D.      declares that the '772 patent is invalid;

      E.      declares that Tellabs Operations' claims are barred by estoppel;

      F.      declares that that Tellabs Operations' claims are barred by laches;

      G.      declares that Tellabs Operations' claims are limited and/or barred in whole or in part by the provisions of 35 U.S.C. § 287;

      H.      denies Tellabs Operations' request for damages and injunctive relief;

      I.      declares that this case is exceptional pursuant to 35 U.S.C. § 285, award FNC its costs and reasonable attorney fees incurred in connection with this action; and

      J.      grants to FNC of any further equitable or legal relief as the Court deems just and proper.

                                        Respectfully submitted,

Dated: <u>September 5, 2008</u>        By:   <u>/s David C. Van Dyke</u>
                                                  David C. Van Dyke (#6204705)
                                                  **Cassiday Schade LLP**
                                                  20 N. Wacker Drive
                                                  Suite 1040
                                                  Chicago, IL 60606
                                                  (312) 641-3100

Robert W. Dickerson
David E. Wang
Jae Kim
Mark Stirrat
Orrick, Herrington & Sutcliffe, LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614
Telephone: (949) 567-6700

Jeffrey A. Miller
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400

                                                  Attorneys for Defendant Fujitsu Network
                                                  Communications, Inc.