Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3379 | **DATE** | 7/27/2012 |
| **CASE TITLE** | Tellabs Operations, Inc. v. Fujitsu Limited | | |

**DOCKET ENTRY TEXT**

"Tellabs, Inc.'s, Tellabs Operations, Inc.'s and Tellabs North America, Inc.'s Motion for Summary Judgment of Invalidity of U.S. Patent No. 7,227,681" [444] is denied in light of disputed questions of material fact regarding the date when the invention disclosed by the '681 Patent was reduced to practice.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

Pending before the court is "Tellabs, Inc.'s, Tellabs Operations, Inc.'s and Tellabs North America, Inc.'s Motion for Summary Judgment of Invalidity of U.S. Patent No. 7,227,681." (Dkt. No. 444.)

Tellabs has moved for summary judgment of invalidity, arguing that each of the asserted claims of the '681 Patent is "invalid over the prior art as a result of anticipation and/or obviousness." (Dkt. No. 444 ("Tellabs's Mot.") at 2.) Specifically, Tellabs argues that U.S. Patent No. 6,055,092 ("'092 Patent") and Japanese Patent Application Kokai Publication No. 8-248455 ("JP455") are prior art that anticipated the asserted claims of the '681 Patent under 35 U.S.C. § 102.

Fujitsu argues that both the '092 Patent and JP455 cannot be considered prior art in light of Fujitsu's evidence that the '681 Patent was conceived and reduced to practice prior to their respective dates of publication.

"The presumption of validity . . . requires those challenging validity to introduce clear and convincing evidence on all issues relating to the status of a particular reference as prior art." *Sandt Technology, Ltd. v. Resco Metal & Plastics Corp.*, 264 F.3d 1344, 1350 (Fed. Cir. 2001). To qualify as prior art under either § 102(a) or § 102(e), the claimed prior art must have been published *before* the invention at issue. *See* 35 U.S.C. §§ 102(a), 102(e)(1). Thus, the party seeking to establish invalidity ultimately bears the burden of proving, by clear and convincing evidence, that "[the inventor of the patent-in-suit] did not conceive and reduce his invention to practice before the publication date [of the alleged prior art]." *Mahurar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1578 (Fed. Cir. 1996). "Although anticipation is a question of fact, it still may be decided on summary judgment if the record reveals no genuine dispute of material fact." *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1327 (Fed. Cir. 2001) (citing *General Elec. Co. v. Nintendo Co.,*

**STATEMENT**

*Ltd.*, 179 F.3d 1350, 1353 (Fed. Cir. 1999)). "Summary judgment is inappropriate if a trier of fact applying the clear and convincing standard could find for either party." *Oney v. Ratliff*, 182 F.3d 893, 895 (Fed. Cir. 1999).

The '681 Patent on its face claims relation to "a division of application No. 08/845,847, filed on Apr. 28, 1997, now Pat. No. 6,025,947." ('681 Patent ¶ 60.) Accordingly, Tellabs argues that "the earliest possible priority date for the '681 Patent [is] April 28, 1997." (Dkt. No. 445 ("Tellabs's Mem.") at 19.)

It is undisputed that the application for the '092 Patent was filed on May 28, 1996, and that JP455 was published in Japan on September 27, 1996. Because both the '092 Patent and JP455 were published before April 28, 1997, Tellabs contends that each publication qualifies as prior art with respect to the '681 Patent.

Fujitsu argues that the '681 Patent was not anticipated by the '092 Patent and JP455, because the invention disclosed by the '681 Patent had already been reduced to practice "as early as March 18, 1996, and no later than May 21, 1996." (Dkt. No. 487 ("Fujitsu's Opp.") at 37.) Fujitsu argues that the "working prototype optical amplifier" developed and implemented by Dr. Susumu Kinoshita and Mr. Yasushi Sugaya between February 1995 and March 18, 1996, "contained each of the elements set forth in the claims of the '681 Patent and worked for its intended purpose." (*Id.* at 38.)

"[T]o establish an actual reduction to practice, the inventor must prove that: (1) he constructed an embodiment or performed a process that met all the limitations of the interference count; and (2) he determined that the invention would work for its intended purpose." *Taskett v. Dentlinger*, 344 F.3d 1337, 1340 (Fed. Cir. 2003). "It is well-established . . . that a party claiming his own prior inventorship must proffer evidence corroborating his testimony." *Sandt Technology*, 264 F.3d at 1350.

In this case, Fujitsu has offered evidence corroborating the testimony of Mr. Sugaya, the inventor, in the form of a March 18, 1996 technical report prepared by Mr. Sugaya, Dr. Kinoshita, Miki Takeda, and Chihiro Ohshima. (Dkt. No. 491-2, 491-3 FILED UNDER SEAL ("March 18, 1996 Technical Report").)

Whether the March 18, 1996 Technical Report discloses "an optical filter which makes the gain substantially flat or even" — a point contested by Tellabs in its reply brief — is a disputed question of fact. Because this court finds that "a trier of fact applying the clear and convincing standard could find for either party," *Oney*, 182 F.3d at 895, summary judgment is not appropriate.

Additionally, the court is not persuaded that as a matter of law the '681 Patent claims are obvious under 35 U.S.C. § 103. Tellabs cites four patent references to "show that a [person of ordinary skill in the art] would clearly have known optical transmission systems at the time had a variable number of channels." (Dkt. No. 502 ("Tellabs's Reply") at 6.) Tellabs has not, however, argued that any of the four cited references "proposes the *solution* taught and claimed by the '681 Patent." (Fujitsu's Opp. at 33 (emphasis added).) "[O]bviousness requires . . . showing that a person of ordinary skill at the time of the invention would have selected and combined . . . prior art elements in the normal course of research and development to yield the claimed invention." *Unigene Labs., Inc. v. Apotex, Inc.*, 655 F.3d 1352, 1360 (Fed. Cir. 2011). The court therefore denies Tellabs's motion for summary judgment of invalidity on the grounds of obviousness.

*James F. Holderman*