IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FUJITSU LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 09 C 4530 |
| | ) | |
| TELLABS, INC., TELLABS OPERATIONS, INC., and TELLABS NORTH AMERICA, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |
| TELLABS OPERATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 08 C 3379 |
| | ) | |
| FUJITSU LIMITED and FUJITSU NETWORK COMMUNICATIONS, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |
| FUJITSU LIMITED and FUJITSU NETWORK COMMUNICATIONS, INC., | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 12 C 3229 |
| | ) | |
| TELLABS, INC., TELLABS OPERATIONS, INC., and TELLABS NORTH AMERICA, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |
| FUJITSU LIMITED, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 13 C 4991 |
| | ) | |
| TELLABS, INC., TELLABS NORTH AMERICA, INC., and TELLABS OPERATIONS, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

**ANNOUNCEMENT OF SETTLEMENT BY PARTIES OF ALL
CLAIMS, COUNTERCLAIMS, THIRD-PARTY CLAIMS AND APPEALS**

James F. Holderman, District Judge

The parties' counsel today announced in open court that a settlement has been reached in this "long-running" litigation. The agreement of the parties is stated in a Memorandum of Understanding reached on December 9, 2014 in the late evening. (Transcript, p. 2, Dec. 11, 2014.)

The settlement brings to a close this litigation involving multiple cases that began in January 2008, when Fujitsu Limited ("Fujitsu"), Japan's largest telecommunications equipment maker, filed the first of its lawsuits[1] accusing two of Fujitsu's American competitors in the fiber-optic field, Tellabs, Inc. and Tellabs Operations, Inc. (collectively "Tellabs"), of infringing four of Fujitsu's United States patents. In Fujitsu's initial complaint it sought, among other remedies, recovery of Fujitsu's purported lost profits and injunction relief against Tellabs (Dkt. No. 1). Pretrial discovery proceeded, and the court determined Fujitsu was not entitled to seek lost profits as to the patents-in-suit (Dkt. No. 1103). Additionally, three of the four patents Fujitsu had initially alleged Tellabs infringed were determined invalid[2] or were dismissed,[3] leaving, from among all of Fujitsu's prior allegations, only two patent claims in Fujitsu's '737 Patent to be resolved.[4]

In July 2014, a federal jury found that Fujitsu's '737 Patent was subject to a RAND[5] royalty licensing commitment that Fujitsu had made to the International Telecommunication

---

[1] The case was initially filed as case number 08 C 0022 in the Eastern District of Texas and transferred to this court on July 7, 2009 and assigned case number 09 C 4530. (Dkt. No. 101).

[2] Fujitsu's '163 Patent and Fujitsu's '418 Patent were determined to be invalid on August 20, 2013 (Dkt Nos. 1126, 1127) and September 26, 2012 (Dkt. Nos. 949, 950), respectively.

[3] Fujitsu '686 Patent was dismissed with prejudice on November 4, 2010 (Dkt. Nos. 249, 250) after Tellabs had provided Fujitsu evidence of the '686 Patent's invalidity.

[4] On June 12, 2014, summary judgment of non-infringement was granted in favor of Tellabs on claims 4 and 5 (Dkt. No. 1258) of Fujitsu's '737 Patent. Only claims 11 and 12 remained asserted.

[5] "RAND" is the acronym for "reasonable and non-discriminatory." It is used by many legal commentators and courts in the United States as a short-hand way to refer generically to the patent royalty licensing commitment

Union ("ITU")[6] on May 27, 1996 (Joint Exhibit 2 of July 2014 Trial) (Dkt. No. 1421). The jury also found, among other findings, that Fujitsu had breached that agreement with the ITU by not offering to grant Tellabs a license on RAND terms. Additionally, the jury found that Fujitsu breached its RAND royalty licensing obligation by filing this lawsuit seeking an injunction against Tellabs and seeking recovery of Fujitsu's purported lost profits (Dkt. No. 1421).

Based on the jury's verdict, the court immediately entered an "Order to Fujitsu Limited to Show Cause Why the '737 Patent Should Not Be Held Unenforceable as to Tellabs" (Dkt. No. 1411), which the parties extensively briefed (Dkt. Nos. 1430, 1431, 1435, 1436, 1437, 1442). At the court's request (Dkt. No. 1440, 1450), the parties provided further information (Dkt Nos. 1444, 1445, 1446, 1447, 1448, 1449, 1452, 1457, 1458, 1459, 1460, 1461, 1462, 1463). Oral argument was held in open court on November 20, 2014 addressing the RAND royalty issues and whether the exceptional-case statute, 35 U.S.C. § 285, allowing attorney fees to be awarded the prevailing party, applied here (Dkt. No. 1465, 1467).

To allow the reinstitution of privately-mediated settlement discussions to occur on December 9, 2014, the court delayed ruling (Dkt. No. 1470). The parties have now resolved these cases, after more than six years of litigation. As this litigation has waged forward, millions of dollars in attorney fees and costs have been spent by the parties, the very kind of financial toll that successful RAND royalty licensing negotiations culminating in a RAND royalty licensing agreement would have avoided.

---

required by SSOs during the standard development process from patent-holding innovators in exchange for the SSOs' considering the innovators' patented technology for inclusion in recommended industry standards. Outside the United States, the acronym that is used is "FRAND," which is short for "fair, reasonable and non-discriminatory." FRAND is considered to be generally the same concept as "RAND."

[6] The ITU is an agency of the United Nations tasked with coordinating telecommunications throughout the world. One of the ITU's functions is to serve as a standard setting organization ("SSO") in developing and recommending technical standards that enhance the interconnectivity of telecommunication networks and technologies.

The court has encouraged settlement throughout the pendency of this litigation, and applauds the parties for now bringing these cases to an agreed-upon resolution. The court thanks the parties' chosen private mediator, Mr. Allan Sternstein, for his invaluable assistance to the parties. The court also thanks United States Magistrate Judge Jeffrey Cole for his tireless efforts and outstanding work on the numerous pretrial disputes among the parties and their counsel in these cases.

The cases are set on Tuesday, January 13, 2015 at 9:00 a.m. for an in-court status report and final report on the settlement that has been reached by the parties.

ENTER:

_James F. Holderman_____

JAMES F. HOLDERMAN
United States District Court

Date: December 11, 2014